UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CHERYL MURRAY,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
_____________________________/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff hereby sues Defendant and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, CHERYL MURRAY, is a citizen of the United States, and a citizen and a resident of the state of California.

2. Defendant, CARNIVAL CORPORATION ("hereinafter CARNIVAL"), is a corporation incorporated under the laws of Panama having its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. As such, this matter falls under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida, located in Miami-Dade County, Florida, as required by the forum selection clause contained within the cruise ticket contract issued by Defendant. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel Carnival *Firenze.*

6. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

7. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the subject vessel, *Carnival Firenze* ("the vessel").

9. At all times material, the vessel was located in navigable waters.

10. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the vessel.

11. The subject vessel is governed by regulations that provide safety standards for the design, layout, installation, and inspections of passenger-accessible flooring spaces aboard the subject vessel, including but not limited to, the International Convention for the Safety of Life at Sea (SOLAS), the Internation Safety Management ("ISM") Code of the International Maritime Organization ("IMO"), and the Defendant's Safety Management System ("SMS").

12. Upon information and belief, the Defendant, in compliance with the ISM, IMO, and/or SMS established and approved internal standards for:

    a. The design, layout, installation, and inspections of passenger-accessible flooring spaces aboard the subject vessel in various areas board its cruise vessels, including the subject area; and/or

    b. The use and selection of flooring materials for various areas board its ships, including the subject vessel. The internal standards included co-efficient of friction for external decks, API/Bolit flooring, polished granite, marble, tile, and/or other highly slippery surfaces used in heavily trafficked areas where there was a high risk of water being on the flooring. Upon information and belief, these internal standards were created and/or approved of by Defendant.

13. Upon information and belief, Defendant uses the same or substantially similar flooring material in front of all of the passenger elevators across Defendant's fleet.

14. On or about June 19, 2025, Plaintiff was a paying passenger on the vessel Carnival *Firenze*.

**<u>The Incident</u>**

15. On or about June 19, 2025, the Plaintiff was walking towards the midship elevators on

Deck 10 which are located just outside the Lido Marketplace, a buffet style dining area.

16. As the Plaintiff was approaching the elevators, she suddenly and without warning, came in contact with a foreign substance on the floor which caused her to slip and fall. ("the Incident"). As the Plaintiff lay on the ground she observed that she had slipped on a foreign substance which appeared to be melted ice cream.

17. The unreasonably wet, slippery, slick, hazardous and/or dangerous nature of the flooring surface was not open and obvious as the light color of the melted ice cream blended in with the flooring. There were no warning or caution signs present to have alerted the Plaintiff to the dangerous condition. There was nothing the Plaintiff could have done to avoid the Incident.

18. The subject area where the Incident occurred constituted a dangerous condition for reasons that include, but are not limited to:

    a. The subject area contained a wet, dirty, and/or unreasonably dangerous substance which made the flooring surface unreasonably sticky and/or dangerous when so contaminated;

    b. The flooring surface of the subject area was sticky and/or unreasonably dangerous, even without being contaminated by the foreign substance; and/or

    c. Defendant failed to place warning/caution signs and/or anti-slip mats in or around the subject area which could have reasonably communicated to the plaintiff the substance on the floor and/or the dangerous nature of the flooring surface in the subject area.

19. As a result of the negligence of Defendant and its actions and failures to provide the Plaintiff with a reasonably safe place to walk, the Plaintiff fell and was injured, suffering

severe injuries, including but not limited to a horizontal tear of the posterior horn of the medial meniscus, along with a grade 2 MCL tear at the proximal attachment requiring surgery.

**Duty**

20. At all times material, it was the duty of Carnival to provide Plaintiff with reasonable care under the circumstances. This duty of reasonable care include a duty to warn passengers, including the Plaintiff, of dangers it knew of, or should have known of, in places where passengers, like Plaintiff, are invited to be, or may reasonably be expected to visit. It further includes a duty to maintain public walking areas in a reasonably safe condition.

21. Alternatively, at all material times, Defendant, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

22. Defendants' duty of reasonable care extends to its crewmembers and employees such that Defendant's crewmembers and employees also owe a duty of reasonable care under the circumstances, including the duty to maintain the subject area in a reasonably safe condition.

23. Alternatively, Defendant's crewmembers and employees engaged in certain affirmative undertakings and in doing so acquired a duty to exercise reasonable care in those undertakings.

**Notice**

24. Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

a. Defendant's policy and procedure to have crewmembers (cleaning personnel) specifically assigned to the subject area whose duty it is to walk around the subject area to continuously monitor the flooring surfaces to identify and remedy dangerous conditions, including but not limited to actively monitoring the area for slip and fall hazards such as the one that caused the Plaintiff's incident. In this instance, there was a crewmember with a mop actually cleaning in the area. This crewmember was positioned to have a direct line of view of the dangerous condition so that he saw, or should have seen, the melted ice cream. There was also a second crewmember in the area who positioned to have a direct line of view of the dangerous condition so that he too saw, or should have seen, the melted ice cream.

b. The foreign substance existed for an extended period time such that the Defendant knew or should have known about it. Specifically, the melted ice cream was located on the subject incident area for a significant amount of time, allowing the ice cream to melt and create multiple puddles.

c. Upon information and belief, the subject area was under video surveillance prior to the time of Plaintiff's fall and at the time of Plaintiff's fall. Prior to the time of Plaintiff's fall and at the time of Plaintiff's fall, the defendant was monitoring the subject area via said video surveillance and observed the dangerous condition prior to the occurrence of the incident. Or could have observed the dangerous condition prior to the occurrence of the incident. As a result, the Defendant knew or should have known of the existence of the dangerous condition prior to the occurrence of the incident.

d. Defendant is aware of the need for flooring aboard its vessels to be regularly

maintained, swept, mopped, and properly cleaned. Defendant is further aware that improper or neglectful maintenance of flooring in a high traffic area, including wet, slippery floors creates a hazardous condition. A hazardous condition, if not cleaned up properly under said circumstances, can lead to serious injuries. Therefore, the Defendant has developed detailed rules, policies and procedures for these purposes to minimize the risk of the very injury suffered by Plaintiff as alleged. Defendant is further aware of the need to maintain and inspect passenger accessible flooring. As part of its detailed policies and procedures, the Defendant requires routine inspection of maintenance of flooring.

e. Defendant is further aware of past incidents where passengers are injured due to a hazardous slippery/wet substance on the floor in the same/similar high traffic area. These instances include:

   i. *Brown v. Carnival Corp.*, No. 23-cv-22386-BB (S.D. Fla. 2023) (plaintiff was injured on July 22, 2022 when she slipped and fell in front of an elevator aboard the *Carnival Valor.* Plaintiff was walking in the elevator area on deck 9 when plaintiff encountered an extremely wet/slippery surface causing the fall. Plaintiff alleged counts of Negligent failure to warn, negligent substandard flooring and negligence on the part of the defendant);

   ii. *Watkins v. Carnival Corp.,* No. 23-cv-21254-KMW (S.D. Fla 2023) (plaintiff was injured on April 3, 2022, when she slipped and fell in the elevator area aboard the *Carnival Liberty.* Plaintiff slipped and fell on a transient liquid, making the area unreasonably hazardous. Plaintiff alleged counts of negligent maintenance,

negligent failure to warn, negligent design, and general negligence against the defendant.) ;

iii. *Thomas v. Carnival Corp.,* No. 23-cv-20731-DPG (S.D. Fla. 2023) (Plaintiff was injured on March 5, 2022, when she slipped and fell in front of an elevator aboard the *Carnival Valor.* Plaintiff suffered their injuries after encountering a wet and slippery surface in front of the elevators on deck 9. Plaintiff alleged counts of negligent failure to warn, negligent maintenance, and general negligence on the part of the defendant.);

iv. *Brevard v. Carnival Corp.,* No. 18-CV-21185 (S.D. Fla. 2018) (Plaintiff was injured on July 5, 2017, when she slipped and fell in front of an elevator aboard the *Carnival Paradise.* Plaintiff suffered her injuries after slipping on a slippery/wet hazardous condition in front of an elevator. Plaintiff alleged a general negligence count against the defendant.);

v. *Menkevich v. Carnival Corp.,* No. 1:24-cv-20144 (S.D. Fla. 2024) (Plaintiff was injured aboard the *Carnival Miracle*, after slipping and falling on a wet/slippery surface in front of an elevator. Plaintiff alleged counts of negligent failure to warn, failure to maintain, and general negligence against the defendant);

vi. *Collins v. Carnival Corp.* No. 19-cv-21107-KMM (S.D. Fla. 2019) (Plaintiff was injured after falling in front of an elevator aboard the *Carnival Conquest*. Plaintiffs injuries were caused after she tripped/fell on a hazardous substance while walking in front of the elevators on deck 5. Plaintiff alleged a count of general negligence against the defendant);

vii. *Bacallao v. Carnival Corp.,* Case No. 14-cv-20239-Civ-COOKE-TUNROFF (S.D. Fla. 2014) (Plaintiff was injured after a slip and fall in an elevator aboard the *Carnival Victory.* Plaintiff suffered her injuries when she encountered a slippery/wet hazardous flooring surface causing her to fall. The plaintiff alleged a count of general negligence against the defendant);

viii. *Johnson v. Carnival Corp.,* Case No. 24-cv-20318-JLK (S.D. Fla. 2024) (Plaintiff was injured after slipping on an unreasonably slippery/wet surface in an elevator aboard the *Carnival Mardi Gras*. Plaintiff alleged counts of negligent failure to warn, failure to maintain, and general negligence against the defendant).

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

26. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

27. On or about June 19, 2025, the Plaintiff was walking on the elevator area inside deck 10, to go to dinner with her travel party, aboard Defendant's vessel *Firenze* which is a place that Plaintiff was invited to by Defendant to be and a place Defendant reasonably expected Plaintiff to be in during the cruise.

28. On or about June 19, 2025, Defendant and/or its agents, servants and/or employees

breached its duty to warn the Plaintiff through the following acts and/or omissions:

a. Failure to warn the Plaintiff of the unreasonably slippery flooring condition posed to her in the subject area;

b. Failure to warn Plaintiff that the flooring surface near the elevator becomes an unreasonably hazardous condition when in contact with a wet substance;

c. Failure to place warning signs as to warn Plaintiff of the subject area's unreasonably slippery and hazardous flooring condition;

d. Failure to block off the subject area so as to warn passengers including the Plaintiff of the unreasonably slippery and hazardous flooring condition; and

e. Failure to warn passengers and the Plaintiff of other similar accidents previously occurring in the same area or same flooring condition under substantially similar circumstances.

29. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have walked on the wet and/or slippery floor had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

30. At all times material hereto, the surface of the subject area was not properly or adequately maintained so as to warn passengers, including Plaintiff, of the wet, slippery, and unreasonably dangerous condition.

31. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been

acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving slip and falls where the injured passenger alleged the floor was unreasonably slippery.

32. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

33. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

34. At all times material hereto, it was the duty of Defendant to maintain the subject flooring in a reasonably safe condition so that passengers, including Plaintiff, had a reasonably safe means of walking aboard the vessel.

35. On or about June 19, 2025, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

a. Failure to maintain the subject area in clean and dry manner so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

b. Failure to adequately maintain the floor free of foreign substances;

c. Failure to maintain the area with sufficient co-efficient of friction;

d. Failure to maintain the subject area with adequate slip resistant materials such as floor mats so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

e. Failure to adequately and regularly inspect the subject area to determine whether it was safe for passengers to walk on;

f. Failure to maintain the placement of warning/caution signs in a manner which would have alerted passengers to the dangerous condition;

g. Failure to adequately test the coefficient of friction and slip resistance of the subject flooring surface before opening it up to passengers;

h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject flooring is adequately and regularly inspected, monitored, cleaned, and maintained free of foreign substances; and/or

i. Failure to adequately and regularly inspect the subject area to maintain its flooring free of hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel.

36. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject flooring area in front of the elevator located on deck 10.

37. At all times material hereto, the surface of the elevator area on deck 10 adjacent to the Lido Deck was not adequately maintained or inspected, leaving it in an unreasonably dangerous condition that caused Plaintiff to fall and suffer serious injuries.

38. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them,

or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving slip and falls where the injured passenger alleged the floor was unreasonably slippery. Based on the foregoing, the Defendant knew that there was a reasonable tendency for the subject flooring to become dangerous, creating a known risk.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT III – NEGLIGENT FAILURE TO SUPERVISE/MONITOR**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

39. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

40. On or about June 19, 2025, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to monitor/supervise crewmembers to ensure that the area was maintained so as to provide a reasonably safe walkway and flooring surface, considering the anticipated use and foot traffic;

    b. Failure to adequately and regularly monitor the subject area and/or crewmembers working in the area so as to maintain it free of wet, dirty, and/or slippery conditions,

including but not limited to food/drink spillage; and/or

c. Failure to adequately and regularly monitor the subject area and/or crewmembers working in the area so as to ensure that hazardous conditions/areas were closed off and/or placement of warning signs on or around the wet, dirty, and/or slippery areas on the deck;

d. Failure to adequately and regularly monitor the subject area and/or crewmembers working in the area so as to ensure the correction of hazardous conditions;

e. Failure to correct hazardous conditions following other slip and fall accidents on the same area, same deck and/or same flooring surface; and/or

f. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff.

g. Failure to monitor/inspect to ensure the use and approval of flooring materials and safety mechanisms appropriate for the area's expected use and conditions; and/or

h. Failure to adopt, implement, and enforce adequate policies and procedures to maintain the subject area in a reasonably safe condition.

41. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately monitor/supervise crewmembers and the area the subject flooring area in front of the elevator located on deck 10.

42. At all times material hereto, the surface of the elevator area on deck 10 adjacent to the Lido Deck was not adequately maintained or inspected, leaving it in an unreasonably dangerous condition that caused Plaintiff to fall and suffer serious injuries.

43. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving slip and falls where the injured passenger alleged the floor was unreasonably slippery. Based on the foregoing, the Defendant knew that there was a reasonable tendency for the subject flooring to become dangerous, creating a known risk.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## <u>COUNT IV – NEGLIGENT FAILURE TO TRAIN</u>

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

44. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

45. On or about June 19, 2025, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to properly train crewmembers to inspect and recognize dangerous and hazardous conditions;

b. Failure to properly train crewmembers to ensure that hazardous conditions are closed off until remedied;

c. Failure to properly train crewmembers to ensure that are properly carrying out their job duties; and/or

d. Failure to properly train crewmembers to ensure that they understand and are in compliance with Defendant's policies and procedures.

46. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to train.

47. At all times material hereto, the surface of the elevator area on deck 10 adjacent to the Lido Deck was not adequately maintained or inspected, leaving it in an unreasonably dangerous condition that caused Plaintiff to fall and suffer serious injuries.

48. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving slip and falls where the injured passenger alleged the floor was unreasonably slippery. Based on the foregoing, the Defendant knew that there was a reasonable tendency for the subject flooring to become dangerous, creating a known risk.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT V – GENERAL NEGLIGENCE AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

49. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

50. On or about June 19, 2025, Defendant and/or its agents, servants and/or employees breached the duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

    a. Failure to provide the Plaintiff with reasonably safe area to walk;

    b. Failure to promulgate and/or enforce adequate procedures to keep the subject flooring area free of foreign substances, including food/drink spillage; and/or

    c. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff.

51. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

52. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned

of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through its maintenance and/or inspections of the subject area and/or prior incident(s) involving slip and falls where the injured passenger alleged the floor was unreasonably slippery. Based on the foregoing, the Defendant knew that there was a reasonable tendency for the subject flooring to become dangerous, creating a known risk.

53. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT VI-VICARIOUS LIABILITY – FAILURE TO WARN**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

54. At all times material, Defendant's crewmember(s), as identified in paragraph 24(a), owe a

duty of reasonable care under the circumstances, including the duty to provide the Plaintiff with a safe place to walk and move about the vessel.

55. Alternatively, Defendant's crewmember(s) and employee(s) engaged in certain affirmative undertakings and in doing so acquired a duty to exercise reasonable care in those undertakings.

56. At all times material, Defendant is/was vicariously liable for the negligent actions of its crewmember(s)/employee(s) that were acting within the scope of employment under the doctrine of *respondeat superior*.[1] As a result, Defendant is vicariously liable for the negligent actions of the crewmembers as identified in paragraph 24(a).

57. Defendant, as employer of its crewmember(s)/employee(s), is vicariously liable for any and all damages resulting from the negligent acts of its crewmember(s)/employee(s), regardless of whether Plaintiff can show that Defendant had actual or constructive notice of the subject condition that caused Plaintiff's injuries.[2]

58. At all times material, Defendant had specific crewmembers, as identified in paragraph 24(a), assigned to the subject area whose duties were to inspect, monitor and maintain the area so as to provide the passengers, including the plaintiff, a reasonably safe place to walk.

59. At all times material, these specific crewmember(s) was/were agent(s), and/or employee(s) of Defendant.

60. At all times material, these specific crewmember(s) was/were acting within the course and scope of his/her employment.

---

[1] *See. Yusko v. NCL* (Bahamas), Ltd., 4 F.4th 1164, 1169 (11th Cir. 2021)

[2] *See. Id*. at 1164, 1170 (11th Cir. 2021)

61. On or about June 19, 2025, at the time of the Incident, Defendants' crewmembers, agents, servants, and/or employees breached the duty owed to Plaintiff based on the following acts and/or omissions, for which Defendant:

a. Failure to adequately warn the Plaintiff of the dangers posed by the flooring surface;

b. Failure to warn of the unreasonably slippery/slick nature of the subject floor when wet;

c. Failure to warn of the foreign substance on the floor;

d. Failure to adequately warn the Plaintiff of the existence of slip-and-fall/hazardous conditions on the flooring surface;

e. Failure to adequately warn the Plaintiff of other slip-and-fall accidents previously occurring in the same or similar manner as the Plaintiff's incident.

62. The above acts and/or omissions caused, and/or contributed, to Plaintiff suffering significant injuries as the incident would not have occurred but for the above acts and/or omissions.

63. As a direct and proximate result of the negligence, for which Defendant is vicariously liable, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability has been impaired. The injuries are continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgement against

Defendant for compensatory damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.

**COUNT VII-VICARIOUS LIABILITY – FAILURE TO MAINTAIN**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

64. At all times material, Defendant's crewmember(s), as identified in paragraph 24(a), owe a duty of reasonable care under the circumstances, including the duty to provide the Plaintiff with a safe place to walk and move about the vessel.

65. Alternatively, Defendant's crewmember(s) and employee(s) engaged in certain affirmative undertakings and in doing so acquired a duty to exercise reasonable care in those undertakings.

66. At all times material, Defendant is/was vicariously liable for the negligent actions of its crewmember(s)/employee(s) that were acting within the scope of employment under the doctrine of *respondeat superior*. As a result, Defendant is vicariously liable for the negligent actions of the crewmembers as identified in paragraph 24(a).

67. Defendant, as employer of its crewmember(s)/employee(s), is vicariously liable for any and all damages resulting from the negligent acts of its crewmember(s)/employee(s), regardless of whether Plaintiff can show that Defendant had actual or constructive notice of the subject condition that caused Plaintiff's injuries.

68. At all times material, Defendant had specific crewmembers, as identified in paragraph 24(a), assigned to the subject area whose duties were to inspect, monitor and maintain the area so as to provide the passengers, including the plaintiff, a reasonably safe place to walk.

69. At all times material, these specific crewmember(s) was/were agent(s), and/or employee(s) of Defendant.

70. At all times material, these specific crewmember(s) was/were acting within the course and scope of his/her employment.

71. On or about June 19, 2025, at the time of the Incident, Defendants' crewmembers, agents, servants, and/or employees breached the duty owed to Plaintiff based on the following acts and/or omissions, for which Defendant:

    a. Failure to cordon off the wet section of the floor; and/or

    b. Failure to place caution or warning signs around the wet section of the floor;

    c. Failure to properly maintain and inspect the subject area in order to properly identify hazards to plaintiff;

    d. Failure to maintain a reasonably safe walking area where plaintiff slipped and fell; and/or

    e. Failure to maintain the subject area free of unreasonably dangerous hazards.

72. The above acts and/or omissions caused, and/or contributed, to Plaintiff suffering significant injuries as the incident would not have occurred but for the above acts and/or omissions.

73. As a direct and proximate result of the negligence, for which Defendant is vicariously liable, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, and Plaintiff's working ability

has been impaired. The injuries are continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgement against Defendant for compensatory damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.

Dated: July ____, 2026.

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce De Leon Blvd., Suite 1480
Coral Gables, Florida 33141
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
By: /s/ Carol L. Finklehoffe
**CAROL FINKLEHOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com